UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESSENTIA INSURANCE COMPANY,

Petitioner,

vs. Case No. __

NICK EKONOMOU,

Respondent.
_________________________________/

**PETITION TO SELECT UMPIRE FOR APPRAISAL**

Petitioner Essentia Insurance Company requests that this Court select an umpire for appraisal, and states:

**NATURE OF THE ACTION**

1. This is a civil action.

2. The underlying insurance claim involves a theft of a classic car (a 1977 Porsche 930 Carrera Turbo) owned by Ekonomou.

3. Essentia and Ekonomou went to appraisal.

4. The appraisers do not agree on an umpire.

5. The Policy's appraisal provision states: If the two appraisers are unable to agree upon an umpire within 15 days, either of us may ask a judge of a court of record in the state of your residence to select an umpire.

6. Essentia petitions this Court to select an umpire for appraisal, so the parties can complete the appraisal process.

**PARTIES, JURISDICTION, AND VENUE**

7. Complete diversity of citizenship exists between Essentia and Ekonomou.

8. Essentia is a citizen of Missouri and Virginia. Essentia is an insurance company organized under the laws of Missouri with its principal place of business in Virginia.

9. Ekonomou is a citizen of Florida. A warranty deed shows that Ekonomou has owned property at 3900 Dr. Martin Luther King Jr. Street North, St. Petersburg, Florida 33703 since 2015.[1] Ekonomou receives a homestead exemption for that property. The 2025 property record, 2025 tax bill, and parcel summary show that the property has a homestead exemption.[2] Ekonomou is registered to vote in Pinellas County. His Florida voter status is active with a registration date of April 12, 2001.[3] Ekonomou is the president of a business organized under Florida law and located in St. Petersburg, Florida, called 1926 Design and Sales Inc.[4] The 2026 annual report for 1926 Design and Sales Inc. lists Ekonomou's address in Miami,

---

[1] ECF No. 1-1, Warranty Deed.
[2] ECF No. 1-2, 2025 Property Record, 2025 Tax Bill, and Parcel Summary.
[3] ECF No. 1-3, Voter Record.
[4] ECF No. 1-4, Sunbiz Record for 1926 Design and Sales Inc.

Florida.[5] Ekonomou is the manager of a business organized under Florida law and located in St. Petersburg, Florida, called Lang Ekonomou, LLC.[6] The 2026 annual report for Lang Ekonomou, LLC lists Ekonomou's address in St. Petersburg, Florida.[7] Ekonomou is the president of a business organized under Florida law and located in St. Petersburg, Florida, called Investment Autohaus, Inc.[8] The 2026 annual report for Investment Autohaus, Inc. lists Ekonomou's address in Miami, Florida.[9] The Florida Department of Business and Professional Regulation issued a Real Estate Broker or Sales license to Ekonomou on October 17, 1994; the license is current.[10] The State of Florida issued a driver license to Ekonomou, which expires in 2029.[11]

10. The amount in controversy between Essentia and Ekonomou exceeds $75,000, exclusive of interest and costs.

11. Essentia's appraiser determined that the car's market value loss is $104,842.

12. Ekonomou's appraiser determined that the car's market value loss is $205,800.

13. The amount in controversy for the disputed claim is $100,958.

---

[5] ECF No. 1-5, 2026 Annual Report for 1926 Design and Sales Inc.
[6] ECF No. 1-6, Sunbiz Record for Lang Ekonomou, LLC.
[7] ECF No. 1-7, 2026 Annual Report for Lang Ekonomou, LLC.
[8] ECF No. 1-8, Sunbiz Record for Investment Autohaus, Inc.
[9] ECF No. 1-9, 2026 Annual Report for Investment Autohaus, Inc.
[10] ECF No. 1-10, Real Estate Broker or Sales License.
[11] ECF No. 1-11, Driver License.

14. This Court has jurisdiction over the Petition based on diversity jurisdiction and federal question jurisdiction.

15. Essentia's request that the Court appoint a competent, impartial umpire pursuant to its Policy constitutes a civil action. *See United Specialty Ins. Co. v. W2S, LLC*, 2020 WL 1277508 at *1 (M.D. Fla., Mar. 2, 2020), report and recommendation adopted by 2020 WL 1275647 (M.D. Fla., Mar. 17, 2020); *Federated Mutual Ins. Co. v. Capstone Funeral Holding of FL LLC*, 2025 WL 2694933 at *1 n. 1 (M.D. Fla., Apr. 22, 2025), report and recommendation adopted by 2025 WL 2694919 at *1 (M.D. Fla., May 20, 2025).

16. This Court has diversity jurisdiction over this action under 28 U.S.C. section 1332(a), because Essentia and Ekonomou are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Court has federal question jurisdiction over this action under 28 U.S.C. section 1331 based on the Federal Arbitration Act. *See Federated Mutual*, 2025 WL 2694933 at *1 n. 1

18. Venue for this action is proper under 28 U.S.C. section 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE POLICY

19. Essentia issued a Valuable Collections Policy to Ekonomou.[12]

20. The car is item number 19 on the Policy.[13]

21. The Policy's Amendment of Policy Provisions—Florida endorsement amends the appraisal provision.[14] The endorsement states:

EC 001 FL 01 20

PLEASE READ THIS ENDORSEMENT CAREFULLY AS IT CHANGES YOUR POLICY

**AMENDMENT OF POLICY PROVISIONS – FLORIDA**

The following amendment changes the policy. Please read your entire policy for full details about your coverages.

***

**GENERAL PROVISIONS**

The **Appraisal** provision is replaced by the following **Mediation Or Appraisal** provision:

**MEDIATION OR APPRAISAL**

***

2. Request that the amount of the loss be set by appraisal.
   a. If either makes a written request for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written request.
   b. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, either of us may ask a judge of a court of record in the state of your residence to select an umpire.
   c. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss.

---

[12] ECF No. 1-12, Policy.
[13] *Id.* at pg. 3 of 37.
[14] *Id.* at pgs. 29-31 of 37.

d. Each party will:

(1) Pay its chosen appraiser; and

(2) Bear the expenses of the appraisal and umpire equally.

Appraisal is not available when there is a dispute as to the existence of coverage. Nothing herein will prejudice or in any way impact our right to contest coverage and to bring suit in a court of competent jurisdiction contesting coverage.

We do not waive any of our rights under this policy by agreeing to an appraisal.

***

## THE CLAIM AND APPRAISAL PROCESS

22. Ekonomou reported a theft claim to Essentia with an alleged loss date of June 15, 2023.

23. The theft occurred in Sarasota.

24. The car was recovered on or around July 21, 2023.

25. Essentia has paid Ekonomou a total amount of $59,683.14 for repairs to the car.

26. On November 22, 2023, Essentia paid Ekonomou $8,675.09 for initial repairs to the car.

27. On December 21, 2023, Essentia paid Ekonomou $50,758.05 for additional repairs to the car.

28. On March 12, 2024, Essentia paid Ekonomou $250 for repairs to the car.

29. On April 15, 2024, Essentia paid Ekonomou $77,812 for market value loss.

30. Essentia and Ekonomou disagree over the market value loss.

31. Ekonomou demanded appraisal under the Policy.

32. Ekonomou selected Jeff Hyman as his appraiser.

33. Essentia selected David Kinney as its appraiser.

34. Hyman determined the car's market value loss at $205,800.

35. Kinney determined that car's market value loss at $104,842.

36. The appraisers do not agree on the car's market value loss.

37. The appraisers do not agree on an umpire to evaluate the disagreement over the car's market value loss.

38. The Policy's 15-day requirement for the appraisers to agree on an umpire expired several months ago.

39. Essentia requests that this Court select Elizabeth Feffer of ADR Services, Inc. as the umpire for appraisal.[15] Feffer is a retired judge who has experience appraising classic cars.

40. In the alternative, Essentia requests that this Court select Jeffrey Schroeder of Automotive Appraisals & Consulting, LLC as the umpire for appraisal.[16] Schroeder has experience appraising classic cars.

41. Both Feffer and Schroeder satisfy the requirements in the Policy's appraisal provision that the umpire be competent and impartial.

---

[15] ECF No. 1-13, Elizabeth Feffer CV.
[16] ECF No. 1-14, Jeffrey Schroeder CV.

Wherefore, Petitioner Essentia Insurance Company respectfully requests that this Court select Elizabeth Feffer as the umpire for appraisal or, in the alternative, select Jeffrey Schroeder as the umpire for appraisal. Petitioner Essentia Insurance Company respectfully requests that this Court reserve jurisdiction to resolve any issues related to this Petition and the completion of the appraisal process.

Dated: October 8, 2026

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Paul Hudson Jones II

PAUL HUDSON JONES II
Florida Bar No.: 44290
hjones@butler.legal
SARAH MCDONALD
Florida Bar No.: 48422
smcdonald@butler.legal
Secondary: jmohammed@butler.legal
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Essentia Insurance Company